# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF LOUISIANA
## ALEXANDRIA DIVISION

IN RE:  CASE NO: 16-80769
**FLOYD FRANK BUTLER**
**JACQUELINE V BUTLER**
Debtor(s)

## SECOND AMENDED CHAPTER 13 PLAN

NOW INTO COURT, through undersigned counsel, comes Floyd Frank Butler and Jacqueline V Butler, Chapter 13 debtor(s) herein, who respectfully moves this Court for an order confirming the amended Chapter 13 plan attached hereto.

Debtor(s) seeks to modify the Chapter 13 plan to increase the length of the plan; to correct the attorney's fees requested; to correct the arrearage claims of Evangeline Bank, First Mortgage, LLC, and Barksdale FCU; to provide for conduit payments on the mortgage claim of Barksdale FCU; to correct the priority claim of the State of Louisiana; and to provide for the surrender of collateral in full satisfaction of the debts of Blue World Pools and Carrington Mortgage Service.

WHEREFORE, debtor(s) prays for an order confirming the amended Chapter 13 plan attached hereto and for such further relief, both legal and equitable, to which debtor(s) may be entitled.

**Respectfully Submitted,**

**/s/ L Laramie Henry**
**L. Laramie Henry (#26333)**
**P. O. Box 8536**
**Alexandria, LA 71306**
**(318) 445-6000**

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA

IN RE: FLOYD FRANK BUTLER  
    JACQUELINE V BUTLER  
    DEBTOR(S)

CASE NO.: **16-80769**

**SECOND AMENDED CHAPTER 13 PLAN**

1. Payments to the Trustee: The future earnings or other future income of the Debtor(s) are submitted to the supervision and control of the trustee. The Debtor(s) (or the Debtor(s)'s employer) shall pay to the trustee the sum of **$1,350.00 per month for 50 months.** The Payments shall be made by DIRECT PAY.

2. The debts of Debtor(s) duly proved and allowed shall be paid to the holder thereof in accordance with the provisions of Chapter 13 of the Bankruptcy Code and this Plan.

3. From the payments received, the Trustee will make disbursements on the following claims as set forth below. Note that all specified monthly payment amounts are minimum payment amounts. In no event shall any CLASS 6 General Unsecured Claims be paid by the Trustee unless and until all CLASS 1 through CLASS 5 claims have been paid in full. In the event that the Trustee has additional funds to distribute, those funds shall be distributed first to CLASS 1 claims until paid in full, then to CLASS 2 through 5 claims in that order.

  (a). CLASS 1 - Administrative Expenses: The TRUSTEE shall FIRST pay the expenses as prescribed by the Court, for the administration of this plan.

   **Attorney Fees to be paid through the plan:**   **$3,550.00** (including costs advanced on behalf of the debtor)

  (b). The Trustee shall then pay the following three classes of claims at the same time, on a pro rata basis, unless otherwise stated herein:

   (i). CLASS 2 - Cure of Defaults: Debtor proposes to cure defaults to the following creditors by payments through the Trustee. The payment of the amount shown shall cure any and all defaults on the respective account. The months listed in arrears are estimates only and any error in the listed months shall have no adverse affect on whether a default is actually cured:

| CREDITOR | ARREARS | MONTHS | INTEREST RATE | ADEQ. PROTECTION. |
|---|---|---|---|---|
| Evangeline Bank | $0.00 (per proof of claim) | thru July 2016 | 0% | DO NOT PAY AP |
| First Mortgage Co LLC | $36,141.48 | thru July 2016 | 0% | DO NOT PAY AP |
| Barksdale FCU | $979.80 (pre petition) | thru July 2016 | 0% | DO NOT PAY AP |
| Barksdale FCU | $207.25 (insurance) | | 0% | DO NOT PAY AP |

   (ii). CLASS 3 - Secured Debts Which Will NOT Extend Beyond the Length of the Plan: The Creditors listed below have a claim secured by a lien on the collateral shown. As indicated below, each claim either IS or IS NOT determined under 11 U.S.C. 506. Claims determined under §506 are secured only to the extent of the value of collateral as shown below. The unsecured/under-secured portion of the claim shall be allowed as a CLASS 6 General Unsecured Claim. Claims that are not determined under §506 shall be paid as set forth below irrespective of the fair market value, although the claim may still be modified by acceptance of the plan. Debtor moves to void the lien of any creditor with a secured claim of $0.00 or 'no value' specified below. Creditors shall retain their liens as provided in 11 U.S.C. §1325(a)(5): **None.**

   (iii) CLASS 4 - Special Class: The following specially classified claims shall be paid by the Trustee as follows:

**Barksdale FCU – secured by real estate mortgage on property located at 353 Robertson Rd. The claim shall be paid via conduit payments through the Chapter 13 Trustee in the amount of exactly $163.30 per month beginning month 1 of the plan and continuing until month 38 of the plan (September 2019) for a total of $6208.44.**

  (c). CLASS 5 - Priority Claims: After payment of the claims in the aforementioned classes, all Claims entitled to priority under §507 of the Bankruptcy Code will be paid by the Trustee as follows:

| CREDITOR | NATURE OF CLAIM | CLAIM AMOUNT |
|---|---|---|
| LA Department of Revenue | Taxes | **$6,380.81** |
| Rapides Parish Tax Assessor | Taxes | $4,000.00 |

(d). <u>CLASS 6 - General Unsecured Claims</u>: After payment of the claims in all of the aforementioned classes, General Unsecured Claims will be paid pro rata by the Trustee to creditors who have duly and timely filed and proved their claim, with the same having been allowed by the Court. Unless a different treatment is otherwise provided for in the plan for a particular claim, **the class of General Unsecured Claims shall include the claims of all creditors holding unsecured non-priority claims including 1) claims listed on Schedule F as unsecured 2) claims listed on Schedule D as unsecured/under-secured; (3) claims listed on Schedule E as the amount not entitled to priority; (4) any claim (or portion thereof) filed as a general unsecured claim before the bar date to which no objection is filed; and/or (5) any Additional General Unsecured Claim(s) identified below**. Based on the payments provided herein, Debtor calculates that the Unsecured Creditors will receive a **MINIMUM OF 0%** of their allowed claims. Inclusion of a claim in this class of creditors is neither an acknowledgement of any disputed claim nor a waiver of any defense that may be raised in an objection to a claim:

Additional General Unsecured Claim(s): n/a.

4. Debtor shall make regular payments directly to the following creditors outside of the plan (payment amounts subject to change pursuant to the underlying security agreement):

   (a) HOME MORTGAGE:
   **First Mortgage Co Llc**            **$2,635.00 per month**
   **Evangeline Bank & Trust**          **$1,400.00 per month**

   (b) OTHERS:
   **Chevy Chase Fed Sav Ba**           **$619.00 per month**

5. Debtor proposes to surrender the following collateral for the value shown:

   | CREDITOR | COLLATERAL | VALUE |
   |---|---|---|
   | **Blue World Pools** | **69 D. Craig Road** | **surrendered in full satisfaction of debt** |
   | **Carrington Mortgage Service** | **69 D. Craig Road** | **surrendered in full satisfaction of debt** |

6. The following executory contracts and/or leases are ASSUMED or REJECTED as indicated below: **None.**

7. Upon entry of a discharge in this case, every creditor whose claim is subject to discharge shall release and cancel from the public records any lien, writ, notice of seizure or encumbrance over property of the Debtor or estate which was created by virtue of an action to collect the claim, specifically including, but not limited to, the following judicial mortgages:

8. Upon confirmation of this plan, title of the property of the estate shall vest in Debtors(s).

**Respectfully submitted on February 13, 2017:**     L. Laramie Henry
                                                      Attorney at Law
                                                      P. O. Box 8536
                                                      Alexandria, LA   71306
                                                      (318) 445-6000
                                                      E-mail:  laramie@henry-law.com

                                                      By:    /s/ L. Laramie Henry
                                                             L. Laramie Henry (#26333)

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

IN RE: CASE NO: 16-80769
**FLOYD FRANK BUTLER**
**JACQUELINE V BUTLER**
    Debtor(s)

## CERTIFICATE OF SERVICE

I certify that a copy of the forgoing SECOND AMENDED CHAPTER 13 PLAN has been served upon the debtor via first class mail, postage prepaid, and upon all other interested parties identified below in the manner set forth below, on February 13, 2017, as to-wit:

**Via electronic means:**
Penny M. Daigrepont on behalf of Creditor American Southwest Mortgage
laecf@logs.com

L. Laramie Henry on behalf of Debtor Floyd Frank Butler
laramie@henry-law.com, notice@henry-law.com

Jennifer Norris Soto on behalf of Creditor Barksdale Federal Credit Union
jennifersoto@arklatexlaw.com, amandabailey@arklatexlaw.com;bankruptcy@arklatexlaw.com

Jon C. Thornburg
ch13alex@ch13alex.com, ecfch13@ch13alex.com

Office of U. S. Trustee
USTPRegion05.SH.ECF@usdoj.gov

Stephen D. Wheelis on behalf of Creditor Carrington Mortgage Services, LLC
steve@wheelis-rozanski.com

**Via first class mail, postage prepaid:**

                                                  **/s/ L. Laramie Henry**
                                                **L. Laramie Henry**